Clay CHATIN, Plaintiff–Appellant,

v.

Charles ARTUZ, Superintendent Green
Haven Correctional Facility, Dr. Man-
ion, Medical–Doctor, Ms. Kees, Regis-
tered Nurse, and DR. Jeante, all of
Green Haven Correctional Facility,
Defendants–Appellees.

Docket No. 99–0266.

United States Court of Appeals,
Second Circuit.

Jan. 3, 2001.

Clay Chatin, pro se, Beacon, NY, Appearing for Plaintiff-Appellant.

Constantine A. Speres, Assistant Attorney General (Eliot Spitzer, Attorney General, Mark Gimpel, Deputy Solicitor General, on the brief), New York, NY, Appearing for Defendants–Appellees.

FEINBERG, OAKES, and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Clay Chatin, *pro se*, appeals from the August 10, 1999, judgment of the United States District Court for the Southern District of New York (Kevin T. Duffy, J.) granting defendants' motion for summary judgment and dismissing Chatin's complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Chatin claimed that defendants violated his Eighth Amendment rights while he was incarcerated at Green Haven Correctional Facility because they were deliberately indifferent to his serious medical needs. Specifically, plaintiff alleged that defendants failed to provide him with prompt treatment for a foot injury he sustained while playing soccer, provided him with treatment from unqualified physicians, failed to follow the treatment recommendations of an outside hospital, and provided him with incorrect treatment. The district court dismissed the complaint in an August 1999 decision on defendants' summary judgment motion and held that Chatin failed to show objectively that he experienced a serious medical need or that defendants knew of and disregarded an excessive risk to his health or safety. Plaintiff appeals the dismissal, and our review is *de novo*. *Fax Telecommunications, Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir.1998).

In order to state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Specifically, a prisoner must show both that (1) under an objective standard the alleged deprivation is "sufficiently serious" in the sense that "a condition of urgency, one that may produce death, degeneration, or extreme pain" exists; and (2) under a subjective standard, the prison official "knows of and disregards an excessive risk to inmate health or safety." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (quotation marks and citations omitted). Chatin's condition, which medical staff at various stages of his treatment diagnosed as a sprained ankle, a bone spur, and a neuroma, did not rise to the level of seriousness that the Eighth Amendment requires. Moreover, Chatin only claims that the medical attention he received at Green Haven Correctional Facility was inade-

quate because (1) officials waited two days before taking him to the hospital for x-rays; (2) a nurse failed to provide him immediately with crutches, ice or pillows; and (3) prison officials failed to follow the treatment recommendations of the hospital. None of these allegations rises to the level of deliberate indifference to Chatin's serious medical needs.

We have considered all of plaintiff-appellant's remaining arguments and find them to be without merit.