**Philip WRIGHT, Plaintiff–Appellant,**

v.

**Brian GARDENER, Warden, et al., Defendants–Appellees.**

No. 02–3564.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2003.

Before RYAN, BATCHELDER, and LAY,* Circuit Judges.

## ORDER

Philip Wright, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights action under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Wright sued several prison and medical officials at the Northeast Ohio Correctional Center ("NOCC"), alleging violations of his Eighth Amendment rights. Specifically, Wright alleged that while he was an inmate at NOCC he was beaten and dragged down a hallway by defendant Captain Dixon when he refused to move from his bottom bunk. Wright stated that Dixon's use of excessive force injured his face and shoulder. Wright also alleged that the defendants were deliberately indifferent to his serious medical needs because he had to wait two days for treatment after he was injured. He also stated that the prison and medical officials continued to deny him adequate care by refusing to properly diagnose his lingering shoulder injury.

The defendants filed a motion to dismiss the complaint arguing that Wright failed to exhaust his administrative remedies with respect to the excessive force claim, and failed to state a claim for relief with respect to his inadequate medical care claim. The district court agreed with the defendants and dismissed the case. This timely appeal followed.

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Upon review, we conclude that the district court properly dismissed Wright's excessive force claim for failure to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

█ Wright did not exhaust his administrative remedies with respect to his excessive force claim. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir. 1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000).

Wright argues that he exhausted his remedies because prison officials told him to address both his excessive force claim and his medical care claim through medical treatment requests. He states that because he alleged facts concerning his excessive force claim in his requests for medical treatment he fulfilled his responsibility. Wright states that he understood the prison officials' directions to mean that his excessive force claim was being administratively appealed.

Wright clearly did not exhaust his remedies for his excessive force claim prior to the initiation of this suit, and he may not exhaust his remedies during the pendency of the action. *Freeman,* 196 F.3d at 645. The multiple grievances attached to Wright's complaint make it clear that he pursued his grievance concerning the alleged lack of medical care to the highest administrative level possible. Wright exhausted his administrative remedies with respect to his deliberate indifference claim. However, Wright's grievance filings also make clear that he did not administratively appeal the denial of his grievance for Captain Dixon's alleged use of excessive force. In light of Wright's failure to appeal his excessive force grievance to the highest administrative authority, the claim was properly dismissed without prejudice.

Upon further review, we conclude that the district court properly dismissed Wright's deliberate indifference to serious medical needs claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim. *Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

█ The district court properly dismissed Wright's deliberate indifference to serious medical needs claim for failure to state a claim upon which relief may be granted. *See Brown v. Bargery,* 207 F.3d 863, 867 (2000). In order to establish an inadequate medical care claim in violation of the Eighth Amendment, a prisoner must demonstrate that the defendant acted, or

failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Estelle v. Gamble.* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Deliberate indifference is the reckless disregard of a substantial risk of serious harm: mere negligence will not suffice. *Id.* at 835–36, 114 S.Ct. 1970. Furthermore, a difference of opinion between a prisoner and a doctor over diagnosis or treatment also fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Even if Wright's allegations are accepted as true, he fails to allege an Eighth Amendment claim against the named defendants. After his alleged beating, Wright suffered a bruised and swollen face and shoulder. He was seen by a nurse almost immediately after being placed into the segregation unit but he did not receive treatment until two days after the alleged incident.

The attachments to Wrights complaint show that he made numerous medical requests concerning his injuries. His requests resulted in his being examined on several occasions by doctors and nurses. The records also indicate that Wright had some bruising, received prescriptions, x-rays on both shoulders (which came back negative), and had various orthopaedic consultations. Although Wright filed several grievances asserting that he was not receiving adequate medical treatment, the records attached to his complaint indicate that he was treated on numerous occasions. Wright's claim is based on his dissatisfaction with the medical care he received. Such claims fail to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Westlake,* 537 F.2d at 860 n. 5.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.