**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2007[*]
Decided September 27, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 07-1064

| | |
|---|---|
| PHILLIP E. BACON, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Western |
| | District of Wisconsin |
| *v.* | |
| | No. 06-C-455-S |
| SHARRON HARDER, et al., | |
| *Defendants-Appellees.* | John C. Shabaz, |
| | *Judge.* |

**O R D E R**

Wisconsin inmate Phillip Bacon filed suit under 42 U.S.C. § 1983, claiming that the defendants, three physicians and one health services manager at the Jackson Correctional Institute, were deliberately indifferent to his injured ankle. During the district court proceedings, Bacon moved unsuccessfully for the recruitment of counsel and to amend his complaint. The district court then granted summary judgment to defendants. Bacon now appeals, and we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Bacon injured his ankle during recreation on December 30, 2005. After x-rays on his leg and ankle by the local hospital revealed no fracture, he was diagnosed with a sprained ankle and prescribed painkillers. Over the next three months, Bacon was given a lower bunk, extra pillows, additional x-rays, crutches, a wheelchair, and prescribed more painkillers. Until an April 18 x-ray found a small calcific density that might have been a very minimal fracture, all other x-rays had been negative. The prison physician, however, ultimately concluded that Bacon had in fact suffered only an ankle sprain because the possible fracture was in an area where Bacon was not having pain. Within a few months, Bacon's ankle strength increased so much that he asked that his recreation restriction be lifted. By October the prison physician noted no swelling, minimal tenderness, and full range of motion in the ankle, and an additional x-ray showed no evidence of any fracture. Between December 30, 2005, and November 8, 2006, Bacon was seen by the prison's medical staff twenty-one times.

Bacon first argues that the district court erred in granting summary judgment to defendants because they were deliberately indifferent to the severity of his ankle injury in violation of the Eighth Amendment. He alleges that his ankle still causes him pain because of defendants' failure to properly diagnose and treat his injury as a fracture. We review the district court's grant of summary judgment on the Eighth Amendment claim de novo, drawing all reasonable inferences in the light most favorable to the non-moving party. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

Prison officials violate the Eighth Amendment when they display a deliberate indifference to a prisoner's serious medical condition. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). To succeed on a deliberate indifference claim, a prisoner must show both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Edwards*, 478 F.3d at 830-31.

Ample evidence in the record supports the district court's conclusion that Bacon's ankle sprain did not constitute a serious medical need. But even assuming the sprain rose to that level, Bacon has presented no evidence that defendants acted with deliberate indifference. He was seen by the prison's medical staff twenty-one times, prescribed several types of pain medication, and given mobility aids. Bacon was also granted work and recreation restrictions, and received numerous x-rays reviewed by medical staff. Further, all of his attending physicians concurred in the diagnosis of a sprained ankle. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("Mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient."). Thus, we affirm the district court's grant of summary judgment to defendants.

Bacon next argues that the district court erred in denying his motion for counsel. *See* 28 U.S.C. § 1915(e)(1). We review that denial for abuse of discretion. *Johnson*, 433 F.3d at 1006. To determine if a district court has abused its discretion, we ask whether the plaintiff appeared competent to try the case himself and, if not, whether the presence of counsel would have altered the outcome of the case. *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005). This "exacting standard" is only met if the denial of counsel made "it impossible for [the plaintiff] to obtain any sort of justice." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993).

Bacon has not met this standard. At all times throughout this case Bacon has displayed a level of competence sufficient to present an adequate case. He requested the production of documents, filed multiple motions, proposed voir dire questions, and supplemented his complaint with a detailed memorandum of law. Bacon also demonstrated a competence in understanding the nature of his injury and its application to his Eighth Amendment claim. The district court therefore did not abuse its discretion in denying Bacon's motion for appointment of counsel. *See Johnson*, 433 F.3d at 1007-09.

Bacon finally contends that the district court erred in rejecting his motion to amend his complaint. *See* Fed. R. Civ. P. 15(a). The decision to grant or deny a motion to amend a complaint is left to the "sound discretion" of the trial court. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Although he argued that an amendment was needed to add new defendants, Bacon offered no reason why he failed to include them when he filed his complaint. Moreover, the amendment would have been futile in light of the lack of evidence supporting his deliberate indifference claim. *See Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007). Thus, the district court did not abuse its discretion in denying his motion to amend his complaint.

AFFIRMED.