Michael DOTSON, Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES, et al., Defendants.

No. 05–1387–T.

United States District Court, W.D. Tennessee, . Eastern Division.

Nov. 3, 2008.

Karen McDonald, Law Office of Karen McDonald, Nashville, TN, for Plaintiff.

Dale Conder, Jr., Marty R. Phillips, Rainey Kizer Reviere & Bell, Jackson, TN, Pamela S. Lorch, Office of the Attorney General, Cyrus L. Booker, Baker Donelson

Bearman & Caldwell, Nashville, TN, for Defendants.

Pearl Alexander, Tiptonville, TN, pro se.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT JAMES H. SMITH

JAMES D. TODD, District Judge.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by being deliberately indifferent to his serious medical needs while he was incarcerated. Plaintiff has also brought a state medical malpractice claim against Defendant James H. Smith, M.D. Defendant Smith has filed a motion for summary judgment [DE# 66]. Plaintiff has filed a response to the motion. For the reasons set forth below, Defendant's motion is GRANTED.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

"If the defendant ... moves for summary judgment ... based on the lack of proof of a material fact, ... [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Rather, "[t]he inquiry on a summary judgment motion ... is ... 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" *Street,* 886 F.2d at 1479 (quoting *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ As an initial matter, in his response, Plaintiff has asked for additional time in which to conduct discovery before the court makes its ruling. Rule 56(f) of the Federal Rules of Civil Procedure provides that, if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court may "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Generally, summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231–32 (6th Cir.1994). *Accord Plott v. General Motors Corp.,* 71 F.3d 1190, 1195 (6th Cir.1995) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The non-movant bears the obligation to inform the district court of his need for discovery. Thus, before a summary judgment motion is decided, the nonmovant must file an affidavit

pursuant to Fed.R.Civ.P. 56(f) which details the discovery needed or file a motion for additional discovery. If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion. *White's Landing Fisheries*, 29 F.3d at 231–32.

However, a party who opposes a motion for summary judgment by seeking additional discovery under Rule 56(f) "has no absolute right to additional time for discovery.... The nonmoving party must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment." *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 409 (6th Cir. 1998). Rule 56(f) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." The nonmoving party must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment. *Emmons v. McLaughlin,* 874 F.2d 351, 356 (6th Cir.1989).

■ In the present case, Plaintiff has made no such showing. Instead, Plaintiff merely states that "expert testimony" is needed and that there may have been staffing problems.[1] Consequently, the court declines to delay its ruling on Defendant Smith's motion. *See Emmons,* 874 F.2d at 356 (the "district court did not abuse its discretion in denying additional discovery because the affidavit in support of a Rule 56(f) motion asserted nothing more than bare allegations").

Defendant Smith has presented unrefuted evidence of the following facts. See Defendant's Statement of Unrefuted Facts and Plaintiff's Response to Defendant's Statement. Plaintiff injured his left ankle on December 31, 2004, while playing basketball at the Northwest Correctional Complex. After his injury, he was escorted to the prison clinic to be examined by medical personnel. The nurse examined his ankle and provided him with Tylenol and a plastic bag to be used to ice down his ankle. Plaintiff was told to elevate his ankle.

The parties dispute whether Plaintiff signed up for sick call on January 3, 2005, and failed to appear or whether Plaintiff was unable to receive medical treatment because no medical personnel were available to see him. Regardless, it is undisputed that, on January 4, 2005, Plaintiff was examined by a nurse, who referred him to Dr. Smith. Dr. Smith then ordered x-rays and prescribed ibuprofen for five days.

Plaintiff was seen by a nurse and provided with crutches on January 7, 2005. During the time that he was using his crutches, he was told that the x-rays "showed a normal ankle." Plaintiff was seen again at the clinic on January 12 and 14. He was also seen by the nurse on January 17 and was referred to Dr. Smith.

On January 25, Plaintiff reported to Dr. Smith that he had turned his ankle during the night. Dr. Smith ordered additional x-rays of Plaintiff's foot. Plaintiff returned to the clinic on March 30. Plaintiff again went to the clinic on May 13. He was given analgesic balm and an anti-inflam-

---

**1.** Plaintiff does state that expert testimony is needed to assess whether Defendant conformed to the accepted standard of medical care. Plaintiff's Response to Statement of Undisputed Facts at para. T. However, in light of the court's ruling declining to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claim, *see* below, such expert testimony is not relevant to the claim before the court, i.e., the § 1983 claim.

matory medication and was told to limit his physical activity.

On August 18, Plaintiff returned to the clinic, complaining of ankle pain. He returned again on August 26, complaining of pain when he jogged. He said that he had resumed playing basketball.

Plaintiff was transferred to the Department of Correction's Special Needs Facility to receive an MRI of his left ankle on October 26, 2005. Plaintiff does not dispute that the report showed a normal left ankle with soft tissue swelling, although he does dispute that this was an accurate characterization of his condition. Plaintiff returned to Northwest Correctional Complex, and Dr. Smith prescribed an ankle brace to be used as needed on December 13, 2005.

■ Plaintiff claims that Defendant was indifferent to his serious medical needs in violation of the Eighth Amendment. Deliberate indifference to a serious medical need is the proper standard for Eighth Amendment claims for refusal to provide medical treatment. *See Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). As the Second Circuit has stated,

> The prisoner's right is to medical care— not the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.

*United States ex rel. Hyde v. McGinnis,* 429 F.2d 864, 867–68 (2nd Cir.1970) (quoting *Coppinger v. Townsend,* 398 F.2d 392, 394 (10th Cir.1968)); *see also Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") It is well established that negligence does not give rise to a constitutional violation. *Estelle v. Gamble,* 429 U.S. at 105–06, 97 S.Ct. 285; *Boretti v. Wiscomb,* 930 F.2d 1150, 1153–54 (6th Cir.1991).

The Supreme Court has equated the definition of deliberate indifference in the Eighth Amendment context with criminal recklessness, which requires a subjective showing that the defendant was aware of the risk of harm. *Farmer v. Brennan,* 511 U.S. 825, 842, 846, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S.Ct. 1970. Prison officials who knew of a substantial risk to the inmate's health or safety may be found not liable if they responded reasonably to the risk, even if the harm ultimately was not averted. *Id.* at 844, 114 S.Ct. 1970.

■ A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. "To satisfy the objective component, the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock v. McCrary,* 273 F.3d 693, 702–03 (6th Cir. 2001). The subjective component requires "the plaintiff [to] allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and ... then disregarded the risk." *Id.* at 703 (citations omitted). "Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that 'an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the infliction of punish-

ment.'" *Id.* (emphasis omitted) (citation omitted). Thus, the court must evaluate the seriousness of the prisoner's medical needs from an objective perspective, and then determine whether a defendant was deliberately indifferent from a subjective perspective. *See Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992), *cert. denied, sub nom. Hunt v. Bradley,* 510 U.S. 1052, 114 S.Ct. 709, 126 L.Ed.2d 675 (1994).

■ Defendant Smith first contends that Plaintiff did not have a serious medical need or condition. Plaintiff has alleged that his injury was such that initially he could not walk and that he was diagnosed with severely torn tissue and ligament damage, tendinitis, severely swollen tissue and ligaments, and soft tissue swelling and bone marrow edema, although the x-rays showed that he had not sustained a fracture. However, Defendant Smith has pointed to evidence in the record that Plaintiff's injury was merely an ankle sprain. *See Bacon v. Harder,* 248 Fed. Appx. 759 (7th Cir.2007) ("Ample evidence in the record supports the district court's conclusion that Bacon's ankle sprain did not constitute a serious medical need."). The court in *Doumin v. Carey,* 2008 WL 4241075 (N.D.N.Y.), discussed whether a twisted ankle was a serious medical need under the Eighth Amendment.

> Here, Plaintiff twice complained that he twisted his left ankle and was thereafter unable to bear weight on that ankle. An X-ray revealed soft tissue edema, but no fracture or dislocation. Other courts have found that similar medical conditions did not rise to the level of seriousness required under the Eighth Amendment. For example, one court found that an ankle sprain with several contusions did not "r[i]se to the level of a sufficiently serious medical condition." *Johnson v. Kachelmeyer,* No. 03–CV–356S, 2006 WL 625837, at *9 (W.D.N.Y. Mar. 9, 2006). Another court found that

> a plaintiff who received an initial diagnosis of soft-tissue swelling without dislocation or fracture, and then received subsequent diagnoses of a bone spur, neuroma and tendinitis, did not establish that his medical needs were sufficiently serious to warrant protection under the Eighth Amendment. *See Chatin v. Artuz,* No. 95–Civ.–7994, 1999 WL 587885, at * 3 (S.D.N.Y. Aug. 4, 1999) (aff'd by unpublished summ order, 28 Fed.Appx. 9, No. 99–0266, 2002 WL 10259 (2d Cir. 2001)). Here, there is no evidence in the record that Plaintiff suffered "a medical need which constituted a condition of urgency-one that may produce degeneration or extreme pain." *Chance* [*v. Armstrong* ], 143 F.3d [698] at 702 [2d Cir.1998]. Accordingly, because Defendants have successfully demonstrated that no material question of fact regarding the first element of Plaintiff's Eighth Amendment deliberate indifference claim exists, Defendants are entitled to summary judgment on that claim.

2008 WL 4241075 *6 (exhibit citations omitted).

Plaintiff's ankle sprain does not rise to the level of a serious medical need, and, therefore, he has not met the objective component necessary to establish a violation of the Eighth Amendment. However, even if Plaintiff had a serious medical need, he has not established that Defendant Smith was deliberately indifferent to that need.

■ Turning to the subjective component, it is clear from the record, and even from Plaintiff's complaint, that he received adequate medical care, including multiple examinations by medical personnel and the use of diagnostic tools. "[W]hen a prisoner receives medical attention, courts do not second guess the judgment of medical professionals." *Denton v. Transcor America, Inc.,* 1999 WL 33603122 at *3 (W.D.Ky.)

(citing *Estelle v. Gamble,* 429 U.S. at 107, 97 S.Ct. 285). The judgment of medical professionals regarding the type of care to be provided and which diagnostic tools to use, such as x-rays and MRIs, are to be challenged in a state law medical malpractice action and not under the Eighth Amendment. *Id.*; *see also Wright v. Gardener,* 57 Fed.Appx. 666, 669 (6th Cir.2003) ("[A] difference of opinion between a prisoner and a doctor over diagnosis or treatment . . . fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need."). Therefore, Defendant Smith is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

■ As for Plaintiff's state law medical malpractice claim, the court does not have jurisdiction over that claim. Since Defendant is a governmental employee, he is immune from suits based on state law except as provided by the Tennessee Governmental Tort Liability Act, T.C.A. § 29–20–302, *et seq.* ("TGTLA"). This act provides that the circuit courts have exclusive original jurisdiction over claims brought under the Act. T.C.A. § 29–20–307. *See Beddingfield v. Pulaski,* 666 F.Supp. 1064 (M.D.Tenn.1987), *reversed on other grounds,* 861 F.2d 968 (6th Cir.1988). Therefore, this court does not have jurisdiction over Plaintiff's state law claim. *Cf. Timberlake v. Benton,* 786 F.Supp. 676 (M.D.Tenn.1992) (Granting the motion to dismiss of the City and the officers in their official capacities pursuant to *Beddingfield* but declining to apply the holding in *Beddingfield* to the officers in their individual capacities.)

■ Alternatively, the court declines to exercise supplemental jurisdiction over the state law claim. *See Maxwell v. Conn,* 893 F.2d 1335, 1990 WL 2774 (6th Cir.) (While the federal claims would ordinarily confer jurisdiction over plaintiff's TGTLA claims because they arise out of the same nucleus of operative fact, the decision of the Tennessee legislature to grant original jurisdiction to state circuit courts belies plaintiff's claim that he could expect to try all his claims in the same judicial proceeding, and the district court properly declined to exercise its discretion by extending pendent jurisdiction over the state common law negligence claims because of concerns of jury confusion.) *Accord Spurlock v. Whitley,* 971 F.Supp. 1166 (M.D.Tenn. 1997), *aff'd* 167 F.3d 995 (6th Cir.1999) (A court may decline to exercise supplemental jurisdiction if "in exceptional circumstances," there are "compelling reasons for declining jurisdiction," 28 U.S.C. § 1367(c)(4), and the exclusivity provision of the TGTLA provides a compelling reason for this court to decline supplemental jurisdiction of the TGTLA claim.) Accordingly, the state law claim brought against Defendant Smith is dismissed.

In conclusion, Defendant Smith's motion for summary judgment is GRANTED, and he is hereby dismissed as a defendant from this action.

IT IS SO ORDERED.